232 So.2d 25 (1970)
Henry Mack BASS, Appellant,
v.
STATE of Florida, Appellee.
No. L-459.
District Court of Appeal of Florida, First District.
February 24, 1970.
*26 Richard W. Ervin, III, Public Defender, Brian T. Hayes, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., Horace A. Knowlton, III, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
This appeal is taken from a jury verdict and judgment of guilty for obstructing justice with violence and for aggravated assault. The Defendant was sentenced to three years imprisonment on each count, said sentences to run concurrently.
The facts are not in dispute. On July 24, 1968, the arresting officer was in possession of a form from the military authorities at Fort Benning, Georgia, advising all public officers that the defendant was A.W.O.L. and wanted for that charge by the military authorities. On the same day, the arresting officer, who was the police chief in the defendant's hometown, recognized the defendant driving into a gas station and approached him concerning the A.W.O.L. charge. As they were talking, the defendant, still seated in the car, drew a pistol and pointed it at the arresting officer. This pistol, later discovered to be unloaded, was knocked from the defendant's hand by the arresting officer, the officer drew his pistol, and the defendant was placed under arrest. After initially refusing to do so, the defendant got out of the car but then refused to be handcuffed. A short scuffle ensued in which the arresting officer subdued the defendant and handcuffed him. Thereafter, the defendant was taken to jail without further incident.
The basic question presented by this appeal is whether an aggravated assault can be committed with an unloaded gun.
This appears to be a question of first impression in the State of Florida. The applicable statute is Section 784.04, Florida Statutes, F.S.A., which provides that a person who assaults another with a "deadly *27 weapon, without intent to kill" is guilty of an aggravated assault.
Appellant contends that the gist of the crime of aggravated assault is the deadly character of the weapon and the defendant's intent to use it as such. This position, we feel, is inaccurate. A simple assault is committed by an unlawful offer to injure another with apparent present ability to effectuate the offer under circumstances creating a fear of imminent peril. Motley v. State, 155 Fla. 545, 20 So.2d 798 (Fla. 1945); Albright v. State, 214 So.2d 887 (Fla.App. 1968). There can be no question but that the appellant herein committed at least a simple assault.
Aggravated assault differs from simple assault through the addition of one element  the use of a deadly weapon. McCullers v. State, 206 So.2d 30 (Fla. App. 1968). There is no requirement for the addition of a specific intent over and above that required for simple assault. Contrary to the appellant's contention, the gist of the crime of aggravated assault is found in the character of the weapon with which the assault is made, and the crime requires only a general and not a specific intent. Goswick v. State, 143 So.2d 817 (Fla. 1962).
Therefore, the real issue becomes whether an unloaded gun is a "deadly weapon" when used other than as a bludgeon, i.e., when pointed at someone. There is a split of authority on this question (see 79 A.L.R.2d 1412), one which has not been decided by the courts of Florida. We feel the better view is that a gun is a deadly weapon whether loaded or unloaded.
Reasoning similar to that found in State v. Johnston, 207 La. 161, 20 So.2d 741 (1944), is particularly applicable here. Certainly, when one is confronted by another with a gun and does not know it to be unloaded, the natural reaction is to assume that the gun can be fired and can inflict great bodily harm. In such a situation and under the proper circumstances, it would not be unreasonable for the person assaulted to attempt to repel his assailant by inflicting upon him bodily harm, which attempt might result in the death of the assailant or in the deaths of bystanders in the event that the assailant was not subdued. In such a situation, the possibility of death is not unforeseeable even though the assailant did not load his gun. This view comports with the general definition of a "deadly weapon" as one likely to produce death or great bodily injury. Goswick v. State, supra.
Furthermore, whether the weapon involved is to be classed as "deadly" is a factual question to be resolved by the jury under appropriate instructions. Goswick v. State, supra. From the record it appears that the jury here was properly instructed on the elements of the crime charged and was also instructed on the lesser included offense of improper exhibition of a dangerous weapon (F.S. Section 790.10, F.S.A.). Therefore, from the evidence, the jury was justified in finding that the arresting officer was assaulted with a weapon likely to cause death or great bodily harm, i.e., a "deadly weapon".
We have considered the appellant's contention that the trial court erred in not compelling the State to elect between prosecution of the two charged offenses which the appellant contends are inconsistent, and we find that contention to be without merit.
We do, however, find error in the sentence imposed upon the defendant, which error the State concedes. The defendant was sentenced to three years imprisonment for obstructing justice with violence, a crime for which punishment is limited to a maximum of two years. Section 843.01, Florida Statutes, F.S.A. Accordingly, the defendant's conviction on both counts is affirmed, but the case is remanded to the trial court for resentencing pursuant to statute.
JOHNSON, C.J., and WIGGINTON, J., concur.