352 So.2d 1187 (1977)
Timothy SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. GG-59.
District Court of Appeal of Florida, First District.
October 25, 1977.
Rehearing Denied December 14, 1977.
*1188 Michael J. Minerva, Public Defender, Theodore E. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Charles W. Musgrove, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was charged by information with (1) burglary (with a dangerous weapon) in violation of F.S. 810.02 and F.S. 775.087 and (2) grand larceny in violation of F.S. 812.021. A jury found appellant guilty on both counts as charged. It is from the adjudication and sentence following the jury's verdict that this appeal is taken. By his sole point on appeal, appellant urges that the trial court erred in denying his motion for judgment of acquittal made at the close of all the evidence. No useful purpose will be accomplished by meticulous repetition of the evidence adduced at trial. Suffice to say that although our examination of the record reveals insufficient evidence for the jury to have determined that appellant was armed with a dangerous weapon, there is ample evidence from whence the jury could have determined (and apparently did) that appellant was guilty of burglary and grand larceny. We accordingly reverse and remand for resentencing, at which time it will not be necessary that appellant be present.
IT IS SO ORDERED.
McCORD, C.J., and BOYER, J., concur.
MILLS, J., dissents.
MILLS, Judge, dissenting:
I dissent.
I would reverse the judgment and sentence on authority of Jenkins v. State, 342 So.2d 1097 (Fla. 1st DCA 1977).

ON PETITIONS FOR REHEARING
PER CURIAM.
Both appellant and appellee have filed petitions for rehearing. Appellee's petition contends as follows:
"In concluding that the evidence does not sustain Appellant's conviction for being armed with a dangerous weapon while committing his burglary, this Court has overlooked that the grand larceny conviction which was affirmed is for stealing a firearm. If the jury could find that Appellant stole the firearm, the only thing missing from the victim's home, it could also find him guilty of the higher degree of burglary, since Section 810.02(2)(b), Florida Statutes, reads as follows:
`(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.' (emphasis added)"
Appellant's petition for rehearing argues:
"If there was insufficient evidence to show appellant was armed with a dangerous weapon while in the house, there could not have been sufficient evidence to show that grand larceny occurred since the only thing missing from the victim's residence was the gun itself."
While on their face these contentions of appellant and appellee appear to be logical, in our view the mere showing of theft of a gun after entering a structure, standing alone, is insufficient to establish burglary armed with a dangerous weapon.
Petitions for rehearing denied.
McCORD, C.J., and BOYER, J., concur.
MILLS, J., dissents.
MILLS, Judge, dissenting:
I dissent. I would grant appellant's petition for rehearing. I would deny appellee's petition for rehearing.