374 So.2d 1090 (1979)
Jonathan NASH, Appellant,
v.
STATE of Florida, Appellee.
No. 78-252.
District Court of Appeal of Florida, Fourth District.
August 29, 1979.
Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Asst. Public Defender, and Kenneth R. Barba, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The judgment appealed from is affirmed upon authority of Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970).
LETTS and MOORE, JJ., concur.
DOWNEY, C.J., dissents, with opinion.
DOWNEY, Chief Judge, dissenting:
There is respectable authority to support the position of the majority in affirming the judgment of conviction in this case; however, I am persuaded that those authorities are incorrectly decided.
In this case Nash was convicted of two counts of aggravated assault and one count of carrying a concealed firearm. Nash contends *1091 the trial court erred in denying his motion for judgment of acquittal as to the two counts charging aggravated assault.
Considered in a light most favorable to the judgment, the evidence reflects that appellant approached several people near the oceanfront in Riviera Beach, Florida, during the early evening. Appellant was brandishing what appeared to be a handgun. Although the gun was pointed at the "victims" and did indeed frighten them, all testified that appellant never actually threatened them with the gun. Eventually appellant was arrested on the beach and the "weapon" in question was found buried in the sand nearby. The "victims" identified the "weapon" as the one possessed by appellant.
The so-called "weapon" was a starter pistol. One officer testified that the pistol could be adapted so as to fire a projectile. However, it was not so adapted, nor did it contain a projectile on the date in question. Thus, I think we can safely conclude that this situation falls within the parameters of the unloaded pistol cases.
Aggravated assault is defined in Section 784.021, Florida Statutes (1977), in pertinent part, as an assault "[w]ith a deadly weapon without intent to kill." In Goswick v. State, 143 So.2d 817 (Fla. 1962), the Supreme Court of Florida defined a deadly weapon as one likely to produce death or great bodily injury.[1]
From the foregoing definitions it is apparent, and the cases have so held,[2] that the gist of the crime of aggravated assault is found in the character of the weapon with which the assault is made. If the weapon is one which is likely to cause great bodily harm or death in the manner in which it is used or threatened to be used, the assault is aggravated within the meaning of the statute. If the weapon does not have the potential to effect those more serious results, then the assault cannot be characterized as aggravated.
It seems to me to follow logically that an unloaded starter pistol, as we have here, or any unloaded handgun, not used as a bludgeon, when pointed at another may well constitute a simple assault, but not an aggravated assault. Therefore, in my judgment the trial court erred in not granting a judgment of acquittal on Counts I and II charging appellant with aggravated assault.
As I indicated above, both the trial court and the majority can point to respectable authority for the proposition that use of an unloaded pistol during an assault will support a charge of aggravated assault.[3] The rationale of those cases is:
... [w]hen one is confronted by another with a gun and does not know it to be unloaded, the natural reaction is to assume that the gun can be fired and can inflict great bodily harm. In such a situation and under the proper circumstances, it would not be unreasonable for the person assaulted to attempt to repel his assailant by inflicting upon him bodily harm, which attempt might result in the death of the assailant or in the deaths of bystanders in the event that the assailant was not subdued. In such a situation, the possibility of death is not unforeseeable even though the assailant did not load his gun. This view comports with the general definition of a "deadly weapon" as one likely to produce death or great bodily injury. [Citation omitted.] 232 So.2d at 27.
I do not dispute that an assault with an unloaded handgun might produce the result described by the Bass court; however, I am *1092 much more persuaded by Judge McNulty's reasoning in his dissenting opinion in Jones v. State, 238 So.2d 661 (Fla. 2d DCA 1970), wherein he pointed out:
Our sister court in the First District concluded in the affirmative, Bass v. State, (1970), 232 So.2d 25. I disagree. The element of placing the victim in fear of imminent peril is embodied in the assault itself; but it's the control of a "deadly weapon" by the perpetrator which raises the assault to the higher degree of crime, the gravamen of which is the present ability to inflict death or great bodily harm. Solitro v. State (Fla.App.2d 1964), 165 So.2d 223. This is hardly possible with an unloaded gun not used as a bludgeon. [Citation omitted.]
This is also the view espoused in Wharton's Criminal Law and appears to be the weight of authority in the United States.[4] Therefore, in a nutshell, I think that is what the Legislature had in mind in fixing a greater penalty for assault with a weapon with which the assailant or perpetrator could cause death or great bodily harm than it provided for in simple assault.
Accordingly, I dissent from the opinion affirming appellant's conviction and sentence on the counts charging aggravated assault.
NOTES
[1] See also: Fla.Std.Jury Instr. (Crim.) 2.07(2)(a).
[2] Goswick v. State, 143 So.2d 817 (Fla. 1962); Lindsey v. State, 67 Fla. 111, 64 So. 501 (1914); Johnson v. State, 249 So.2d 452 (Fla. 4th DCA 1971); J.M.C. and D.P.S. v. State, 331 So.2d 366 (Fla. 3rd DCA 1976); Forchion v. State, 214 So.2d 751 (Fla. 3rd DCA 1968); Solitro v. State, 165 So.2d 223 (Fla. 2d DCA 1964).
[3] Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970); Gilbert v. State, 347 So.2d 1087 (Fla. 3rd DCA 1977); Warren v. State, 332 So.2d 361 (Fla. 3rd DCA 1976); Dawson v. State, 338 So. 242 (Fla. 3rd DCA 1976); Commonwealth v. Tarrant, 367 Mass. 411, 326 N.E.2d 710 (1975).
[4] 2 Wharton's Criminal Law, § 200 (14th ed. 1979); 6 Am.Jur.2d, Assault and Battery § 54; Annot., 79 ALR2d 1424 (1961).