LETTS, Judge.
An irate defendant, found guilty of aggravated assault with a firearm, refused to pay for defective repairs to her car. During the argument over payment, she became infuriated when the mechanic retaliated by commencing to render her car inoperable, so she produced a handgun and threatened to kill him if he refused to cease and desist. The gun was not loaded and after the mechanic easily disarmed her the police were called.
This cause deserves an opinion because of the poignant circumstances. The gun contained no bullets and the female defendant was obviously incapable of carrying out her threat. Nonetheless by reacting as she did, she ran afoul of yet another statute which mandates her incarceration for three years in the state penitentiary — a sentence much more savage than that received by many a hardened, violent criminal under the guidelines. A reading of the sentencing proceeding leaves no doubt the trial judge was unhappy to have to sentence this woman, with three dependent children, and no prior criminal record, to three years in prison. However, as he remarked: “I have no choice under the law.”
On appeal the defendant claims that the trial court erred in imposing the three year mandatory sentence pursuant to section 775.087(2), Florida Statutes (1983). That section provides for a minimum mandatory three year sentence for any person convicted of aggravated assault while in possession of a “firearm” as defined by section 790.001(6). This latter section defines a firearm as “any weapon ... which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.”
*1088 The defendant relies on Morales v. State, 431 So.2d 648 (Fla. 3d DCA 1983), for the proposition that the state must establish that the weapon is operational. In that case, the defendant displayed a starter pistol and since there was no evidence that the starter gun had been converted, or could be readily converted, to expel a projectile the court concluded that the starter pistol was not a firearm within the meaning of section 790.001(6).
Here, the defendant displayed a handgun which unquestionably did constitute a firearm pursuant to section 790.001(6). Although the gun was unloaded, the defendant was in possession of a firearm which could be readily converted to expel a projectile. Nash v. State, 374 So.2d 1090 (Fla. 4th DCA 1979), following Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970); Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983).
The statutes in question do not require the firearm to be loaded and say nothing about the availability of ammunition.[1] Accordingly we affirm.
Nonetheless, there is a case from the First District which vacated the mandatory minimum sentence at least in part because the state failed to “indicate ... whether appellant possessed both the gun and ammunition” and “whether the gun was loaded.” Wilson v. State, 438 So.2d 108 (Fla. 1st DCA 1983).
It appears to us that Wilson is incorrect because of the statutory language employed. Moreover, one of the obvious intents of the statute, is to discourage the antagonistic display of firearms whether loaded or not. Nonetheless, we frankly wish Wilson was correct in this instance and that we could adopt it.
Notwithstanding our conclusion, we believe ourselves to be in conflict with the First District and we, therefore, certify the following question to our Supreme Court:
DOES THE DISPLAY OF AN UNLOADED FIREARM, WITHOUT PROOF OF READILY AVAILABLE AMMUNITION, WITH ACCOMPANYING THREATS TO USE THE FIREARM DURING THE COMMISSION OF AN AGGRAVATED ASSAULT, INVOKE THE THREE YEAR MANDATORY SENTENCING PROVISION OF SECTION 775.087(2), FLORIDA STATUTES (1983)?
We also propound the same question in alternative terms:
IS AN UNLOADED FIREARM DESIGNED TO, OR IS IT READILY CONVERTIBLE TO, EXPEL A PROJECTILE ABSENT A SHOWING OF AVAILABLE AMMUNITION?
We find no merit to the other point on appeal.
AFFIRMED.
DELL and WALDEN, JJ., concur.

. The record in the case before us likewise contains no reference to the availability of ammunition.