PER CURIAM.
We affirm appellant’s convictions and reject appellant’s contention that the state’s proof was insufficient to establish the use of a firearm, even though the state did not produce the alleged firearm at trial. See Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983). We also reject appellant’s claim that the state was required to prove that the firearm was loaded. Bentley v. State, 477 So.2d 1087 (Fla. 4th DCA 1985).
Although we believe the error to be harmless we agree, and the state concedes, that the trial court erred in noting on the judgment that appellant’s conviction on Count II for aggravated battery was a first degree felony. We also agree, as do both parties, that the trial court erred in requiring a three year mandatory minimum sentence on Count I, which did not involve the use of a firearm. We remand with directions that the judgment be amended to correctly reflect that Count II is a second degree felony, and to delete the mandatory minimum provisions from the sentence on Count I.
DOWNEY, ANSTEAD and DELL, JJ., concur.