501 So.2d 600 (1987)
Rose BENTLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 68014.
Supreme Court of Florida.
January 29, 1987.
*601 Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen., and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for respondent.
ADKINS, Justice.
We have for review Bentley v. State, 477 So.2d 1087 (Fla. 4th DCA 1985), in which the district court certified the following question:
Does the display of an unloaded firearm, without proof of readily available ammunition, with accompanying threats to use the firearm during the commission of an aggravated assault, invoke the three year mandatory sentencing provision of section 775.087(2), Florida Statutes (1983)?
Or, stated in the alternative:
Is an unloaded firearm designed to, or is it readily convertible to, expel a projectile absent a showing of available ammunition?
Id. at 1088. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we answer the above certified question in the affirmative.
Rose Bentley was convicted by the trial court of aggravated assault with a firearm. The facts surrounding the assault are as follows. Mrs. Bentley refused to pay an automobile mechanic who she believed did a poor job of repairing her car. Thereafter, the mechanic removed the radiator hose from the car. Mrs. Bentley proceeded to reach into her purse, pull out an unloaded gun, and threaten to kill the mechanic if he touched her car again. The mechanic then grabbed the gun and called the police.
Mrs. Bentley was convicted of aggravated assault with a firearm and sentenced to serve a mandatory three-year prison term pursuant to section 775.087(2), Florida Statutes (1983). Specifically, section 775.087(2) imposes a three-year minimum mandatory sentence upon any person convicted of aggravated assault while in possession of a firearm. Section 790.001(6), Florida Statutes (1983), defines a firearm as "any weapon ... which will, is designed to, or *602 may readily be converted to expel a projectile by the action of an explosive... ."
Mrs. Bentley's weapon was designed, or might readily have been converted, to expel a projectile despite the fact that the gun in her possession was unloaded. Nash v. State, 374 So.2d 1090 (Fla. 4th DCA 1979), following Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970). Consequently, we must affirm her conviction and the imposition of the three-year minimum mandatory sentence.
Mrs. Bentley argues that, under Wilson v. State, 438 So.2d 108 (Fla. 1st DCA 1983), a three-year minimum mandatory sentence may not be imposed if the state fails to prove that the gun in her possession was operable. We disagree. In Wilson, the district court declined to uphold the imposition of the three-year minimum mandatory sentence on a defendant convicted of an armed robbery charge where the firearm at issue was stolen during the course of the burglary.
Wilson argued that the facts adduced at his trial, showing only that he stole the gun during the burglary and that the gun was later found in his home, were insufficient to justify imposition of the three-year minimum mandatory sentence. The district court agreed and reasoned that "[t]he state failed to indicate that any facts existed such as whether the gun was loaded at the time of the burglary or whether appellant possessed both the gun and ammunition during the burglary... ." Id. at 109. We disapprove of Wilson to the extent that it requires a burglar to possess either a loaded gun or a gun and ammunition before the minimum mandatory sentence may be imposed.
That portion of Wilson quoted above lists circumstances relevant to the issue of whether a defendant is armed with a dangerous weapon "during the course" of a burglary. Sanders v. State, 352 So.2d 1187 (Fla. 1st DCA 1977), cert. denied, 362 So.2d 1056 (Fla. 1978). Sanders held that the mere showing of the theft of a gun after entering a structure, standing alone, is insufficient to establish burglary armed with a dangerous weapon pursuant to section 810.02(2)(b), Florida Statutes (1977).
In contrast to section 810.02(2)(b), the armed burglary statute, section 775.087(2) requires that any person who is convicted of burglary and who has in his possession a "firearm" as defined in subsection 790.001(6) shall be sentenced to a minimum term of imprisonment of three calendar years. We do not have before us and therefore do not rule on the issue of whether the mere showing of theft of a gun, standing alone, is also insufficient to establish possession of a "firearm" for purposes of invoking the three-year minimum mandatory pursuant to section 775.087(2) as Wilson concludes. Nevertheless, Wilson cannot be read to require that a firearm must be operational before the three-year minimum mandatory is imposed.
Having so limited Wilson, we hold that the display of an unloaded firearm, without proof of readily available ammunition, invokes the three-year minimum mandatory sentence. In Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983), approved in part, disapproved in part, 453 So.2d 810 (Fla. 1984), the court found that the legislature did not intend to require a finding that a handgun be operational in order to uphold a conviction of robbery with a firearm because of concerns about the perception of the victim. 437 So.2d at 705. We agree.
In this case, the state need only have proved that the weapon in Mrs. Bentley's possession was designed to or could be readily converted to expel a projectile. Nash v. State, 374 So.2d 1090 (Fla. 4th DCA 1979), following Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970). Clearly, under this standard, Mrs. Bentley displayed a firearm pursuant to section 790.001(6). Whether the gun in her possession was loaded or whether she had available ammunition is irrelevant. Accordingly, we approve the decision of the district court and uphold the imposition of the three-year minimum mandatory sentence.
While we must approve Mrs. Bentley's conviction and sentence, we feel compelled to note the harsh result of the imposition of the three-year minimum mandatory *603 in this case. Here, the trial judge was left, because of the mandatory provision of section 775.087(2), with no choice but to sentence Mrs. Bentley, with three dependent children and no prior criminal record, to three years in a state penitentiary. Because of the inflexible nature of statutes providing for minimum mandatory penalties, Mrs. Bentley's only recourse is to seek clemency from the governor pursuant to chapter 940, Florida Statutes (1985), and article IV, section 8, Florida Constitution. See Sullivan v. Askew, 348 So.2d 312 (Fla.), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977).
We find no merit to the remaining points on appeal. Accordingly, we approve the decision of the Fourth District Court of Appeal in this case.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW and BARKETT, JJ., concur.
OVERTON, J., concurs specially with an opinion, in which ADKINS, J., concurs.
OVERTON, Justice, specially concurring.
I concur, but I would delay issuance of the mandate for sixty days to allow appellant a sufficient opportunity to seek clemency.
ADKINS, J., concurs.