502 So.2d 1307 (1987)
David WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-931.
District Court of Appeal of Florida, Third District.
February 24, 1987.
*1308 Bennett H. Brummer, Public Defender, and Gitlitz, Keegan & Dittmar and James D. Keegan, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
Williams appeals from the trial court's imposition of a three-year mandatory minimum sentence for the armed burglary of a pawn shop. We affirm.
Williams was discovered inside a closed pawn shop by a police officer who had noticed that an air-conditioning vent on the outside of the building had been tampered with. Williams was trapped inside by a police canine unit, and was then arrested. Two loaded rifles, belonging to the pawn shop owner, were found within an arm's reach of Williams and jewelry and cameras were found on his person. He was subsequently charged with burglary of a structure while armed, or arming himself within the structure, with a dangerous weapon. He was also charged with grand theft in the second degree and carrying a concealed firearm.
The jury convicted Williams of only the first two charges, namely, armed burglary and grand theft. Although the arresting officer testified that a search of Williams' person revealed a pistol hidden in one of Williams' pockets, which did not belong to anyone connected with the pawn shop, the jury found Williams not guilty of carrying a concealed firearm. The trial court entered judgment against Williams and sentenced him to a mandatory minimum of three years' incarceration for possession of a firearm during the commission of the burglary, pursuant to section 775.087(2)(a), Florida Statutes (1985), and to a concurrent sentence of three years for grand theft.
Williams contends that the trial court erred in imposing the mandatory minimum sentence of three years' incarceration. Williams claims that section 775.087(2)(a) requires that a defendant have in his possession a firearm at the time the burglary is committed and that a burglary is complete once the defendant enters the structure with the intent to commit an offense therein. He further argues that since the jury acquitted him of carrying a concealed weapon and since he acquired the rifles only after he had already entered the structure, he was not in possession of a firearm during the commission of a burglary within the meaning of section 775.087(2)(a).
Section 775.087(2)(a) applies to "[a]ny person who is convicted of: (a) Any ... burglary ... and who had in his possession a `firearm' during the course of that burglary." Sec. 775.087(2)(a); D'Alessandro v. Shearer, 360 So.2d 774, 775 (Fla. 1978); see also State v. Pilcher, 443 So.2d 366, 367 (Fla. 5th DCA 1983) ("In order to fall within the mandatory minimum statute the defendant must have had the gun in his possession when he committed the burglary"). Imposition of the three-year mandatory minimum sentence is mandated upon the fulfillment of these elements. State v. Ross, 447 So.2d 1380 (Fla. 4th DCA), review denied, 456 So.2d 1182 (Fla. 1984).
We do not agree, however, that a burglary is completed, for all purposes, once a person enters a structure with the requisite intent to commit an offense. It is true that after entry all of the elements making up the crime of burglary have been satisfied, thereby making the crime complete for purposes of prosecution. Pilcher, 443 So.2d at 367; see also Estevez v. State, 313 So.2d 692, 695 (Fla. 1975) (Adkins, C.J., concurring). This does not mean that the crime is complete with regard to the perpetrator's responsibility for acts committed in the furtherance of his crime. People v. Walls, 85 Cal. App.3d 447, 149 Cal. Rptr. 460 (1978); contra Pilcher, 443 So.2d at 367.
According to the Model Penal Code § 221.1(2) (1985), a person committing the act of burglary shall be guilty of a felony in the second degree if the person is armed with a deadly weapon in the course of committing the offense. "An act shall be *1309 deemed `in the course of committing' an offense if it occurs in an attempt to commit the offense or in flight after the attempt or commission." Id. Furthermore, our courts have recognized that burglary continues even after the point of entry and that acts committed within the structure may be grounds for aggravating a burglary charge. See, e.g., Mills v. State, 476 So.2d 172 (Fla. 1985) (recognizing that murder committed after unlawful entry was committed during course of burglary and thus subjected Mills to felony-murder prosecution), cert. denied, ___ U.S. ___, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986); Brown v. State, 473 So.2d 1260 (Fla. 1985) (murder and rape took place in the course of burglary, though actually committed after entry, and thus burglary charge was properly aggravated), cert. denied, ___ U.S. ___, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985).
In Wilson v. State, 438 So.2d 108 (Fla. 1st DCA 1983), our sister court held that the facts before it were insufficient to support the imposition of a three-year mandatory minimum sentence for possession of a firearm during the commission of a burglary, where the facts demonstrated only that a firearm was stolen from the structure and later recovered from the defendant's home. The court's decision implied, however, that the burglary was not completed after entry for all purposes and that had the facts demonstrated that the gun, which was stolen after entry, was loaded, or that the defendant possessed both the stolen gun and ammunition, then the defendant would have been in possession of a firearm "during the burglary" and, consequently, imposition of the mandatory minimum sentence would have been proper. See 438 So.2d at 109.
Therefore, we find that, although a burglary may be complete for purposes of prosecution, it is not complete for all other purposes until the defendant reaches safety, and a defendant's crime may be aggravated and his sentence may be enhanced based upon acts committed up until that point.[1]See Walls, 85 Cal. App.3d at 454, 149 Cal. Rptr. 460; see also Model Penal Code § 221.1(2); cf. Mills, 476 So.2d at 178 (defendant was in the course of burglary when he committed murder); Brown, 473 So.2d at 1266-67 (same); Wilson, 438 So.2d at 109; Territory of Guam v. Borja, 732 F.2d 733, 735 (9th Cir.) ("For purposes of the California enhancement statute, burglary is a continuing offense that is not completed until the defendant reaches a place of safety."), cert. denied, 469 U.S. 919, 105 S.Ct. 300, 83 L.Ed.2d 235 (1984).
In the case sub judice, we are presented with circumstances which, as foreshadowed by the Wilson court, justify the imposition of the three-year mandatory minimum sentence. Based upon the foregoing analysis, Williams was in the course of burglarizing the pawn shop when he was discovered to be in possession of the stolen rifles. Further, the evidence was undisputed that at least one of the rifles which Williams was stealing from the pawn shop was loaded. Therefore, we find that the trial court correctly imposed the minimum mandatory sentence of three years for possession of a firearm during the commission of a burglary. Our holding makes it unnecessary to reach appellant's second point concerning the possession of the pistol for which he was acquitted. Accordingly, the sentence under review is
Affirmed.
NOTES
[1] Section 775.087(2)(a) must be construed according to its plain meaning. Ross, 447 So.2d at 1382-83. Though our holding puts us in direct conflict with the fifth district's decision in Pilcher, we believe that it comports with the plain meaning of the statute.