504 So.2d 501 (1987)
Michael D. LANIER, Appellant,
v.
STATE of Florida, Appellee.
No. BN-249.
District Court of Appeal of Florida, First District.
March 24, 1987.
Rehearing Denied May 19, 1987.
James C. Banks, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant raises several issues in his appeal from five sentencing orders. We affirm in part and reverse and remand in part.
In December 1985, appellant was charged in four informations with numerous counts, including armed burglary, grand theft, dealing in stolen property and carrying a concealed firearm. In February 1986, he was charged by information with burglary of a structure and grand theft. *502 Pursuant to plea negotiations, he entered nolo contendere pleas in the five separate cases to three counts of burglary of a structure, three counts of grand theft, one count of dealing in stolen property, three counts of carrying a concealed firearm and one count of grand theft auto. According to a representation of the defense attorney at the plea hearing, the plea negotiation included a joint recommendation of ten to fifteen years' probation.
The plea was entered specifically reserving appellant's right to appeal the denial of his "Motion To Declare Section 775.087, F.S. Inapplicable To Defendant." The statute provides that one who is convicted of any burglary and who had in his possession a firearm as defined in section 790.001(6), Florida Statutes, "shall be sentenced to a minimum term of imprisonment of three calendar years." As to one of the burglary of a structure counts (which had been reduced from armed burglary pursuant to the plea negotiations), appellant was sentenced to the mandatory minimum three-year term pursuant to section 775.087(2).
Appellant does not dispute that during the burglary in question, he and his codefendants stole a number of unloaded pistols. In arguing that he cannot be sentenced to the mandatory minimum three-year term under 775.087(2), he relies upon cases from this Court which have declared that the mere showing of a theft of a gun after entering a structure, standing alone, is insufficient to prove burglary armed with a dangerous weapon. Sanders v. State, 352 So.2d 1187 (Fla. 1st DCA 1977), cert. denied, 362 So.2d 1056 (Fla. 1978); Wilson v. State, 438 So.2d 108 (Fla. 1st DCA 1983); and Wilson v. State, 378 So.2d 1258 (Fla. 1st DCA 1979). Sanders is distinguishable in that it did not deal with the imposition of a mandatory minimum sentence under section 775.087(2), but involved only the question of whether an armed burglary conviction under section 810.02 could stand upon the mere showing of the theft of a gun. Wilson v. State, 438 So.2d 108 (Fla. 1st DCA 1983), has been disapproved by the supreme court to the extent that it requires a burglar to possess either a loaded gun or a gun and ammunition before the mandatory minimum sentence may be imposed. Bentley v. State, 501 So.2d 600 (Fla. 1987). The Bentley decision further declared that an unloaded firearm qualifies as a firearm as defined in section 790.001(6). The court stated:
We do not have before us and therefore do not rule on the issue of whether the mere showing of theft of a gun, standing alone, is also insufficient to establish possession of a "firearm" for purposes of invoking the three-year minimum mandatory pursuant to section 775.087(2) as Wilson concludes. Nevertheless, Wilson cannot be read to require that a firearm must be operational before the three-year minimum mandatory is imposed.
The above-mentioned issue is the question before us on appeal in the instant case. Taking into consideration the discussions in Bentley and the clear wording of section 775.087(2), we hold that the mandatory minimum provisions of section 775.087(2) apply in the instant case. Thus, the trial court did not err in imposing the mandatory minimum three-year sentence upon appellant's conviction of burglary of a structure since, undisputedly, appellant had in his possession a "firearm" within the meaning of section 790.001(6) at some point during the commission of the burglary. Compare Williams v. State, 502 So.2d 1307 (Fla. 3d DCA 1987).
Appellant also challenges various other portions of the sentences imposed upon him in regard to the remaining counts. In an elaborate scheme, as to some counts the trial judge sentenced appellant to six other concurrent three-year terms of imprisonment, two of which are to be followed by varying terms of probation. As to the remaining counts, he sentenced appellant to varying terms of probation only to run consecutively to other sentences imposed. However, the probationary term in one instance (count 2 in case *503 number 85-4681), does not immediately follow the term of imprisonment imposed on that count but instead was declared to be consecutive to other probationary orders so that a period of four years will elapse between the ending date of appellant's incarceration on that count and the beginning of his probationary term on that count. Since our statutes do not authorize intermittent sentences and in the interest of having sentences served in a continuous uninterrupted stretch, we determine that when a defendant is given a split sentence, the non-incarcerative portion must immediately follow the prison sanction. Compare Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980). Therefore, we reverse and remand to the trial judge for resentencing in count 2 of case number 85-4681 to reflect the above consideration. We find no error in those sentences imposing only probation to run consecutively to another sentence of incarceration and/or probation.
On seven of the eleven counts of which appellant was convicted, he was sentenced to concurrent three-year terms in prison, some of which were to be followed by probationary periods, as discussed above. However, appellant's recommended guidelines sentence was twelve to thirty months. Except for the three-year mandatory minimum sentence which we have upheld, the remaining three-year terms of imprisonment constitute departures from the recommended guidelines sentence for which no reasons were given. Therefore, we must reverse and remand in regard to those remaining three-year prison terms for resentencing.
Also, on the grand theft auto count, the maximum allowable sentence under section 775.082(3)(d), Florida Statutes, is five years. However, the court sentenced appellant to a three-year prison term which we have reversed above to be followed by a three-year period of probation on that count, thus exceeding the maximum allowable sentence. We point out that impropriety to the trial judge for correction upon remand.
AFFIRMED in part and REVERSED and REMANDED in part for resentencing.
WENTWORTH and NIMMONS, JJ., concur.