517 So.2d 681 (1988)
David WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 70276.
Supreme Court of Florida.
January 7, 1988.
James D. Keegan, Sp. Asst. Public Defender, Coral Gables, for petitioner.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., Miami, for respondent.
BARKETT, Justice.
We have for review Williams v. State, 502 So.2d 1307 (Fla. 3d DCA 1987), based on express and direct conflict with State v. Pilcher, 443 So.2d 366 (Fla. 5th DCA 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue presented is whether the three-year mandatory minimum required by section 775.087(2), Florida Statutes (1985),[1] applies to a burglary conviction if the defendant *682 was not in possession of a firearm when he initiated the burglary but only acquired the firearm after entering the premises. Finding no evidence that the legislature intended any distinction based upon the timing of the perpetrator's possession, we approve the decision of the court below upholding the imposition of the mandatory minimum under these circumstances.
Petitioner, David Williams, was discovered inside a closed pawn shop by a police officer responding to a silent burglar alarm. A loaded rifle and a loaded shotgun, belonging to the pawn shop owner, were found at Williams' feet, and jewelry, cameras, and an unloaded .38 caliber automatic pistol were found on his person.
The owner of the pawn shop identified the rifle and shotgun as those he kept mounted in his office on the wall, loaded. The defendant testified that he had taken the two guns from the office and brought them into the shop area, intending to take them with the rest of the items.
The jury convicted Williams of armed burglary and grand theft but acquitted him of the charge of carrying a concealed firearm. The trial court sentenced Williams to a mandatory minimum of three years' incarceration for possession of a firearm during the commission of the burglary, pursuant to section 777.087(2)(a), Florida Statutes (1985), and to a concurrent sentence of three years for grand theft. The Third District affirmed, reasoning that Williams was in the course of burglarizing the pawn shop when he was discovered to be in possession of the stolen rifles.
Petitioner suggests that because he acquired the rifles only after he had entered the warehouse, he was not in possession of a firearm during the commission of the burglary. He argues that the burglary was completed when he unlawfully entered the premises. Thus, he contends that we should adopt the Fifth District's approach in Pilcher, which held that section 775.087(2) applies only when the firearm is in the perpetrator's possession at the time of the entry into the structure with the requisite intent.
We see no merit to petitioner's argument, legally or logically. We agree, rather, with the court below that although
the crime [is] complete for purposes of prosecution.... [t]his does not mean that the crime is complete with regard to the perpetrator's responsibility for acts committed in the furtherance of his crime.
Williams, 502 So.2d at 1308. See People v. Walls, 85 Cal. App.3d 447, 149 Cal. Rptr. 460 (1978) (acts and conduct of the intruder committed after entry is effected considered part of the commission of the crime).
We reject petitioner's argument that section 775.087(2), Florida Statutes, was intended only to prevent persons from arming themselves prior to a crime and not during it as well. To the contrary, whatever may be the efficacy of the mandatory minimum provision, its intent clearly was to discourage the possession of a firearm at any time during the course of a criminal endeavor. We agree with the court below that this construction comports with the statute's plain meaning. Williams, 502 So.2d at 1309 n. 1. We see no reason to look beyond it.
Petitioner also argues that because he was convicted of armed burglary pursuant to section 810.02(2), Florida Statutes,[2] his sentence already has been enhanced. It is true that if a defendant arms himself during a burglary, the offense is aggravated to the first-degree felony of armed burglary. Enhanced penalty crimes are still subject to the mandatory minimum sentence, however. See e.g., Maddox v. State, 461 So.2d 176 (Fla. 1st DCA 1984) (armed robbery); State v. Lopez, 408 So.2d 744 (Fla. 3d DCA 1982) (carrying a firearm in the course of a robbery). Reclassification *683 and mandatory minimum provisions operate independently of one another and are not alternative methods of enhancement. See State v. Smith, 470 So.2d 764 (Fla. 5th DCA 1985), approved, 485 So.2d 1284 (Fla. 1986); Haywood v. State, 466 So.2d 424 (Fla. 4th DCA 1985), approved, 482 So.2d 1377 (Fla. 1986); Perez v. State, 431 So.2d 274 (Fla. 5th DCA 1983), approved, 449 So.2d 818 (Fla. 1984). As the Perez court observed, sentence enhancement by reclassification of the crime to a higher degree increases the punishment by authorizing a greater maximum penalty whereas imposition of a three-year mandatory minimum sentence merely ensures a minimum period of incarceration. 431 So.2d at 275. Moreover, a conviction for armed burglary requires only that the defendant be armed with a dangerous weapon; application of the mandatory minimum is limited to "firearms" and "destructive devices." Thus, sections 810.02(2) and 775.087(2) address different evils with regard to the nature of the offense as well as provide for essentially different types of enhancement.
We thus approve the decision of the district court below and disapprove the decision of the Fifth District in Pilcher.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 775.087(2) provides in relevant part:

Any person who is convicted of:
(a) any ... burglary........
and who had in his possession a "firearm," ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.
[2] Section 810.02(2)(b) provides in relevant part:

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment ... if, in the course of committing the offense, the offender:
... .
(b) Is armed or arms himself within such structure or conveyance, with explosives or a dangerous weapon.