PER CURIAM.
Appellant appeals the judgments and sentences in three separate cases following the trial court’s revocation of appellant’s community control. We affirm appellant’s conviction but reverse and remand for correction and clarification of the sentencing orders.
Appellant pled nolo contendere in two cases, 84-5686 and 84-5687, charging appellant with sale of marijuana. The trial court sentenced appellant to six months in jail followed by two years of community control.
In case number 86-3501, a jury found appellant guilty of burglary of a conveyance and possession of burglary tools. The trial court revoked appellant’s community control for failing to live at liberty without violating the law and for failing to comply with the community control officer’s instructions.
The trial court sentenced appellant in case number 86-3501, to four years’ incarceration on the burglary count, followed by one year of probation after release from confinement. Appellant received jail-time credit of seven months and twelve days on this count.
On the possession of burglary tools count, the trial court sentenced appellant to four years’ incarceration, to run consecutive to the period of incarceration for bur; glary. Appellant received no jail-time credit on this count.
Next, the court sentenced appellant in case number 84-5686, to four years’ incarceration for the sale of marijuana, to run consecutive to the sentence in case number 86-3501. In case number 84-5687, the trial court sentenced appellant to four years’ incarceration for the sale of marijuana, to run concurrently with the sentence in case number 84-5686. Appellant received jail-time credit of seven months and twelve days in case number 84-5687 but not in case number 84-5686.
In Daniels v. State, 491 So.2d 543 (Fla.1986), the Florida Supreme Court found that when a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served. Under Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987), the nonincarcerative portion of a sentence must immediately follow the prison sane *760 tion when the defendant receives a split sentence.
The sentencing orders below are reversed and remanded for correction and/or clarification in accordance with applicable law.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.