541 So.2d 775 (1989)
Fred Ronald AHLBERG, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-105.
District Court of Appeal of Florida, Third District.
April 18, 1989.
Bennett H. Brummer, Public Defender, and Margaret S. Brodsky, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
Defendant Ahlberg was tried and found guilty of burglary of a dwelling with an assault or battery with a firearm, robbery with a firearm, kidnapping with a firearm, unlawful possession of a firearm while engaged in a criminal offense, and burglary of a conveyance. Ahlberg argues that the trial court erred in ruling that the gun he held during his commission of these crimes was a firearm for the purposes of section 775.087(2), Florida Statutes (1987). That statute calls for a minimum mandatory sentence of three years imprisonment for certain crimes committed where the perpetrator was in possession of a firearm.[1] Specifically, Ahlberg claims, the state was required to refute his written statement that the gun he was holding was not and could not readily be rendered operable. We disagree.
The Florida supreme court has previously concluded that the legislature did not intend to require a finding that a handgun be operational in order to uphold a conviction of robbery with a firearm because of concerns about the perception of the victim. Bentley v. State, 501 So.2d 600, *776 602 (Fla. 1987), citing Watson v. State, 437 So.2d 702, 705 (Fla. 4th DCA 1983), approved in part, disapproved in part, 453 So.2d 810 (Fla. 1984).[2] In Bentley, the court concluded "the state need only have proved that the weapon in Mrs. Bentley's possession was designed to or could be readily converted to expel a projectile." Bentley, at 602 citing Nash v. State, 374 So.2d 1090 (Fla. 4th DCA 1979).
This court has held that whether the evidence was sufficient to support convictions of attempted second-degree murder with a firearm and unlawful possession of a firearm while engaged in a criminal offense is a jury question. Montoya v. State, 489 So.2d 794, 795 (Fla. 3d DCA), review denied, 496 So.2d 143 (Fla. 1986). In the instant case, the victim testified that the defendant carried "a gun of some sort. That's a revolver type." In defendant's confession to the police, he admitted his possession of a gun during the commission of the charged offenses but stated that his partner had handed him the gun saying "The gun does not work because there are pieces missing from it."
Ahlberg's self-serving statement was the only evidence introduced to the effect that the firearm used was perhaps not operable. We conclude that this self-serving statement alone is an insufficient basis for disregarding Ahlberg's own admission as to the use of the gun and the victim's testified perception of the event. See Bentley, 501 So.2d at 602. We therefore decline to interfere with the jury's determination that a firearm within the meaning of section 775.087(2) was used.
We agree with defendant, however, and the state concedes, that the conviction for possession of a firearm during the commission of a felony must be reversed. Under the principles established by the Florida supreme court in Carawan v. State, 515 So.2d 161 (Fla. 1987), double jeopardy prohibits a conviction for possession of a firearm during the commission of a felony under section 790.07(2), Florida Statutes (1987), where possession of a firearm is simultaneously used to aggravate a crime of which the accused is also convicted. Hall v. State, 517 So.2d 678, 680 (Fla. 1988); Monsanto v. State, 530 So.2d 952 (Fla. 3d DCA 1988).
Accordingly, the defendant's substantive convictions are affirmed; however, his possession conviction must be reversed.
NOTES
[1] Section 790.001(6) defines a firearm as:

any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun... . .
[2] In Watson, the defendant's revolver was missing the plastic grips and cylinder pin and the mainspring was out of position. Expert testimony demonstrated that the gun could be repaired only by adjusting the mainspring and replacing the cylinder pin, and that some knowledge of guns was required. There was no specific testimony that Watson possessed such knowledge. Still, the court reasoned that "the legislature ... was concerned about the perception of the victim in determining whether the weapon used should be classified as a firearm," Watson, 437 So.2d at 705, and therefore affirmed the jury's finding that the weapon carried by Watson was a firearm.