842 So.2d 971 (2003)
Robert CLAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3213.
District Court of Appeal of Florida, Fifth District.
April 11, 2003.
James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Robert Clayton appeals his conviction of robbery with a firearm and his designation as a prison releasee reoffender. Clayton contends that the weapon used during the robbery was not a firearm. He further contends that his classification as a prison releasee reoffender was improper because Chapter 99-188, Laws of Florida, was determined to be unconstitutional. We affirm.
At trial, the State's firearms expert testified that the weapon Clayton used during the robbery was a Bulldog type revolver, manufactured in Belgium between 1878 and 1914. The weapon was designed to fire a .44 caliber Bulldog bullet, which is no longer commercially available, but which can be made by someone skilled in hand loading ammunition. The State's expert also testified that the weapon *972 Clayton used was designed to expel a projectile by the action of an explosive, and that with the proper ammunition, would fire.
Section 790.001(6), Florida Statutes (2000), defines a firearm to mean:
any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.
Clayton argues that because the firearms expert could not determine the precise make, model or serial number of the weapon and that ammunition could be made only by someone with skills and equipment he did not possess, the evidence was insufficient to prove he possessed a firearm. Clayton's argument fails to consider that the definition of a firearm includes the frame of a firearm and does not require that the firearm be loaded or operable during the criminal episode. Mitchell v. State, 698 So.2d 555, 558 (Fla. 2d DCA 1997). To establish that a weapon is a "firearm," the State need only prove that Clayton's weapon was designed to, or could be readily converted to expel a projectile. Bentley v. State, 501 So.2d 600, 602 (Fla.1987). The fact that Clayton's weapon was not loaded or that he lacked ammunition was irrelevant. Id. Accordingly, the evidence supports the jury's conclusion that the weapon used by Clayton during the robbery was a firearm.
We also reject Clayton's argument that he was improperly classified as a prison releasee reoffender. Clayton correctly observes that section 775.082(9)(d), Florida Statutes (2001), was found to be unconstitutional because Chapter 99-188, which enacted changes to section 775.082(9)(d), violated the single subject rule. See Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). However, as Clayton properly concedes, in Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), this court held that the enactment of Chapter 02-210, Laws of Florida, cured Chapter 99-188's constitutional infirmity and applied retroactively. Accordingly, relying on Hersey, we reject Clayton's argument, but in doing so recognize that our opinion conflicts with Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003) (holding that the curative effect of Chapter 02-210 could not be applied retroactively, for to do so would violate the ex post facto clauses of the United States and Florida Constitutions). We certify conflict with Green and the following question of great public importance:
DOES CHAPTER 02-210, LAWS OF FLORIDA, RETROACTIVELY CURE THE SINGLE SUBJECT CONSTITUTIONAL INFIRMITY OF CHAPTER 99-188, LAWS OF FLORIDA?
AFFIRMED, QUESTION CERTIFIED.
THOMPSON, C.J. and SHARP, W., J., concur.