323 So.2d 644 (1975)
STATE of Florida, Appellant,
v.
Jeffrey DOPSON and Dalton Win Stucky, Appellees.
No. 75-164.
District Court of Appeal of Florida, Fourth District.
December 12, 1975.
Rehearing Denied January 13, 1976.
William R. Sharpe and Gregory M. Wilson, Asst. State's Attys., Orlando, for appellant.
Richard L. Jorandby, Public Defender, and Daniel T. O'Connell, Asst. Public Defender, West Palm Beach, for appellee.
Terrence William Ackert, Altamonte Springs, for appellee-Dalton Win Stucky.
DOWNEY, Judge.
Appellees were charged with armed breaking and entering with intent to commit a felony in violation of § 810.01(1), F.S. 1973. A motion to dismiss the information pursuant to Rule 3.190(c)(4), RCrP was sustained and this appeal ensued.
The parties have stipulated to the following pertinent facts. Appellees were observed breaking and entering a residence in Orlando, Florida, during daylight hours. After a short period of time they were observed exiting the residence and within five minutes thereafter they were apprehended by the police. Among the items of personal property taken from the possession of the appellees was a loaded .38 caliber pistol which belonged to the owner of the residence involved in the breaking and entering. The owner had loaded the pistol some months before the theft.
Appellees contend and the trial court apparently agreed that the theft of a loaded pistol during the commission of a breaking and entering without any further showing of intent or willingness to use such weapon in furtherance of the breaking and entering does not constitute a violation of § 810.01(1), F.S. 1973.
Section 810.01(1) provides in material part that "[w]hoever breaks and enters a dwelling house ... with intent to commit a felony, ... if he be armed with a dangerous weapon ... at the time of breaking and entering, or if he arm himself with a dangerous weapon, ... shall be guilty of a felony of the first degree... ."
Section 810.01(2), F.S. 1973, provides that "[i]f the offender be not armed, nor arm himself with a dangerous weapon as *645 aforesaid, ... he shall be guilty of a felony of the second degree... ."
There is nothing ambiguous about the language of either section of the statute nor do we find any support for the alleged requirement that the state must show the person charged intended or was willing to use such weapon in the furtherance of the crime being committed. A loaded pistol is a dangerous weapon and to take possession thereof is to arm oneself. Accordingly, the information properly charged a violation of § 810.01(1) rather than § 810.01(2), and the stipulated facts would be sufficient to support a conviction of the crime charged. See People v. Wallace, 36 Cal. App.2d 1, 97 P.2d 256 (1940).
The judgment appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
WALDEN, C.J., and OWEN, J., concur.