375 So.2d 879 (1979)
Franklin Lee FOWLER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-918.
District Court of Appeal of Florida, Second District.
October 12, 1979.
*880 Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
A jury convicted appellant of grand theft and burglary while armed upon evidence that police had apprehended him in the course of burglarizing a dwelling house while in the possession of a shotgun and a pistol belonging to the victim of the burglary. At the time appellant took the weapons, they were unloaded, but at the time of his apprehension, both were loaded.
The trial judge sentenced appellant to thirty years in prison on the burglary charge and five years on the theft charge, the sentences to run concurrently. At the sentencing hearing the judge expressed the opinion that Section 775.082(3)(a), Florida Statutes (1977), required him to sentence appellant to a minimum term of thirty years, despite the fact that he was otherwise inclined to impose a lesser sentence. We believe the judge erred in this conclusion because of a misapplication of Section 775.087(1)(a), Florida Statutes (1977).[1]
Burglary of a dwelling is normally a felony of the second degree, but Section 810.02(2)(b), Florida Statutes (1977), makes it a felony of the first degree when the perpetrator is armed or arms himself during the burglary. Thus, the jury properly found appellant guilty of burglary while armed.[2] The judge then applied Section 775.087(1)(a), Florida Statutes (1977), to reclassify the appellant's crime as a life felony, because a firearm was involved. That section, however, specifically states that it does not apply to a "felony in which the use of a weapon or firearm is an essential element... ." Accordingly, since use of a firearm was an essential element of burglary while armed under Section 810.02(2)(b),[3] the judge misconstrued the application of Section 775.087(1)(a) to appellant's conviction for that crime.
Ordinarily, we would not reach this issue because appellant's sentence was within the statutory maximum for a first degree felony. Yet, the judge candidly stated that he would not be disposed to give such a long sentence were it not for his construction of the statutes. In the interest of justice, then, the judge should have the opportunity to resentence the appellant in light of this opinion. Therefore, we affirm the judgments and the theft sentence, vacate the burglary sentence, and remand for resentencing.
HOBSON and OTT, JJ., concur.
NOTES
[1] Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence.
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
[2] Cf. Sanders v. State, 352 So.2d 1187 (Fla. 1st DCA 1977), which held that the mere showing of the theft of a gun after entering a structure, standing alone, was insufficient to establish burglary while armed.
[3] Cf. Growden v. State, 372 So.2d 930 (Fla. 1979), in which subsections (b) and (c) of Section 812.13(2), Florida Statutes (Supp. 1974), were held to be lesser included offenses of Section 812.13(2)(a).