400 So.2d 516 (1981)
Gregory MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-269.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
Rehearing Denied July 7, 1981.
*517 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was convicted by a jury of first degree burglary and he appeals, contending that the evidence is legally insufficient to sustain the higher degree of the crime. We affirm.
Burglary of a dwelling is normally a felony of the second degree, but section 810.02(2)(b), Florida Statutes (1979), makes it a felony of the first degree when the perpetrator is armed or arms himself during the burglary.[1]
The evidence reveals that during the course of the burglary appellant's co-participant found a shotgun in the burglarized home, and appellant found a box of shotgun shells. While still in the home, appellant took possession of the shotgun. While at that point appellant had the ability to load the gun, he made no attempt to do so until he and his companion had left the house. They later loaded the shotgun and test fired it.
Appellant contends that an unarmed burglary, a second degree felony, cannot be elevated to a felony of the first degree when the evidence shows that the perpetrator steals an unloaded gun in the course of the crime. He relies on Wilson v. State, 378 So.2d 1258 (Fla. 1st DCA 1979), quashed on other grounds 395 So.2d 520 (Fla. 1981), and Sanders v. State, 352 So.2d 1187 (Fla. 1st DCA 1977), cert. denied 362 So.2d 1056 (Fla. 1978).
In both Wilson and Sanders, the court commented that the mere showing of a theft of a gun after entering a structure, standing alone, is insufficient to establish burglary armed with a dangerous weapon. There is nothing in either opinion to inform us if the gun involved was loaded.
Other courts considering analogous questions have sustained the charge. In Fowler v. State, 375 So.2d 879 (Fla. 2d DCA 1979), the court affirmed the conviction of the crime of armed burglary where the appellant was caught in the act of burglarizing the house while in the possession of a shotgun and a pistol belonging to the victim of the burglary. At the time appellant took the weapons, they were unloaded, but at the time of his apprehension, both were loaded. The court noted the holding in Sanders, but also noted the language in that case that the theft of a gun, standing alone, did not elevate the degree of the crime.
In State v. Dopson, 323 So.2d 644 (Fla. 4th DCA 1975), the Fourth District Court of Appeal rejected the argument that the theft of a loaded pistol during the commission of a breaking and entering without any further showing of intent or willingness to use such weapon in furtherance of the crime does not constitute armed burglary. The appellant had stolen a loaded pistol which belonged to the owner of the burglarized dwelling. The court reasoned: "A loaded pistol is a dangerous weapon and to take possession thereof is to arm oneself." Id. at 645.
In agreeing with Fowler and Dopson, as we do, we do not necessarily disagree with Sanders, because the latter case does not advise us if the weapon was loaded when in the possession of the burglar. But agreeing with Fowler and Dopson does not resolve the issue. We must determine if a burglar arms himself within the meaning of the *518 statute when, during the course of a burglary, he steals an unloaded firearm and the shells that fit it, although he does not load the weapon while he is in the house. We hold that under these facts he has armed himself.
It is clear that under the facts of this case, as found by the jury, appellant had the ability at any time during the burglary and after he had possession of the shotgun and the shells, to insert the shells and make use of the weapon. Under Fowler and Dopson, if he had loaded the weapon, he would be considered armed. Is he any less armed merely because he carries the shells separate from the weapon? Would he be less armed if he had brought the shotgun or another firearm with him, keeping the shells handy in his pocket? Once the shotgun and the shells were united in appellant's possession, he had the capacity to use the weapon by the mere expediency of inserting one or more shells, and thereby commit the violent act the statute seeks to proscribe. For the purpose of this statute he had thus armed himself.
The judgment of conviction is AFFIRMED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] Section 810.02(2): Burglary is a felony of the first degree... if, in the course of committing the offense, the offender: (b) is armed, or arms himself within such structure, with explosives or a dangerous weapon.