402 So.2d 86 (1981)
The STATE of Florida, Appellant,
v.
Oscar RODRIGUEZ, Appellee.
No. 81-390.
District Court of Appeal of Florida, Third District.
August 18, 1981.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellee.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
While committing a burglary, the defendant stole a loaded handgun. He was informed against for armed burglary of a structure which is prohibited by Section 810.02(2)(b), Florida Statutes (1979). The defendant filed an amended sworn motion to dismiss the information as authorized by Florida Rule of Criminal Procedure 3.190(c)(4). The defendant's motion admitted the circumstances surrounding his acquisition of the handgun. The state demurred as permitted by Florida Rule of Criminal Procedure 3.190(d), the effect of which was to place in issue the legal sufficiency of the accusatory pleading. Haddock v. State, 141 Fla. 132, 192 So. 802 (1939); O'Brien v. State, 55 Fla. 146, 47 So. 11 (1908). The trial court granted the defendant's amended sworn motion to dismiss, which therefore reduced the offense charged from armed burglary to burglary.
Section 810.02(2)(b), Florida Statutes (1979) converts a simple burglary into an armed burglary by the following terms:
Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
In the same language, Section 810.02(3), Florida Statutes (1979) authorizes an increased penalty where the burglar is armed. The fact that the defendant does not actually employ the weapon is not the gravamen of this enhanced offense. We agree with State v. Dopson, 323 So.2d 644 (Fla.4th DCA 1975) where Judge Downey stated:
There is nothing ambiguous about the language of either section of the statute nor do we find any support for the alleged requirement that the state must show the person charged intended or was willing to use such weapon in the furtherance of the crime being committed. A loaded pistol is a dangerous weapon and to take possession thereof is to arm oneself.
323 So.2d at 645. Accord, Fowler v. State, 375 So.2d 879 (Fla.2d DCA 1979).
For the foregoing reasons, as well as the defendant's confession of error, the order appealed from is reversed with directions to reinstate the information charging the defendant with the offense of armed burglary.