516 So.2d 110 (1987)
John E. HARDEE, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0796.
District Court of Appeal of Florida, Fourth District.
December 9, 1987.
*111 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, Lee Rosenthal and Michael W. Baker, Asst. Attys. Gen., and Donna R. Slebodnik, Certified Legal Intern, West Palm Beach, for appellee.
PER CURIAM.
Appellant's conviction of burglary of a dwelling while armed is challenged on two grounds. First, appellant argues that since there is no direct evidence that he, rather than his co-defendant, stole the handgun during the course of the burglary nor that he knew his co-defendant had thus armed himself, he cannot be found guilty of the crime charged.
The applicable rule here is that "where several persons combine to commit an unlawful act, each is criminally responsible for the actions of his associates committed in furtherance or prosecution of a common design." Hampton v. State, 336 So.2d 378, 379-80 (Fla. 1st DCA), cert. denied, 339 So.2d 1169 (Fla. 1976). "The key is whether the extra criminal act done by one's confederate is in furtherance or prosecution of the intitial common criminal design. This is a factual question which must be resolved on a case-by-case basis." Id. at 380 (footnotes omitted). Here, the theft of the handgun by appellant's co-defendant was clearly an act in furtherance of the common criminal design to commit burglary.
Appellant relies on Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), disapproved on other grounds, State v. Kinchen, 490 So.2d 21 (Fla. 1985). That case is distinguishable, however, because there the court found that the evidence failed to establish that the alleged "wheel man" in an armed robbery was a willing, active participant in the robbery. Here, appellant was certainly an active participant in the burglary.
Appellant's additional argument is that since there is no evidence that the bullets recovered in a search of his apartment fit the stolen gun, which was never recovered, he cannot be convicted of enhanced burglary under section 810.02(2)(b), Florida Statutes (1985). In essence, appellant contends that only a loaded gun constitutes a dangerous weapon for application of the statute. Given the ease with which a handful of bullets may be disposed of, such a rule would be anathema to law enforcement. In a slightly different context the supreme court has determined that whether a firearm is empty or loaded is not material to the issue of whether a person convicted of burglary had in possession a firearm for purposes of imposing a mandatory minimum sentence of three years' incarceration. Bentley v. State, 501 So.2d 600 (Fla. 1987). There is no logical distinction to be made between that application and its relevance here. Accordingly, we approve the conviction.
Appellant also appeals his sentence. The recommended sentencing range under the guidelines in effect at the time the offense was committed on July 7, 1985, was two and one-half to three and one-half years' incarceration. Appellant, sentenced to three and one-half years' imprisonment, was therefore sentenced within the guidelines *112 range. Accordingly, we affirm the sentence.
AFFIRMED.
HERSEY, C.J., and DOWNEY and GUNTHER, JJ., concur.