534 So.2d 706 (1988)
John E. HARDEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 71708.
Supreme Court of Florida.
December 8, 1988.
*707 Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Mardi Levey Cohen, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Justice.
We review Hardee v. State, 516 So.2d 110 (Fla. 4th DCA 1987). In order to explain the basis for our jurisdiction, it is first necessary to discuss the pertinent cases.
John Hardee was convicted under section 810.02(2)(b), Florida Statutes (1985), of burglary of a dwelling while armed with a dangerous weapon, a first-degree felony. Burglary of a dwelling is normally a second-degree felony, but section 810.02(2)(b) makes it a first-degree felony when the perpetrator is armed or arms himself during the burglary. The conviction stemmed from an incident in which Hardee's codefendant stole a handgun from the burglarized dwelling. The Fourth District Court of Appeal affirmed Hardee's conviction, holding that he was an active participant in the crime because the theft of the handgun by the codefendant was an act in furtherance of the common criminal design to commit burglary. The district court also held that the fact that the gun may have been unloaded when stolen did not make a difference in considering whether Hardee could be convicted of armed burglary.
In Sanders v. State, 352 So.2d 1187 (Fla. 1st DCA 1977), cert. denied, 362 So.2d 1056 (Fla. 1978), the court held the mere showing of the theft of a gun after entering a structure, standing alone, was insufficient to establish burglary armed with a dangerous weapon under section 810.02(2)(b). Thereafter, the same court questioned the factual basis for a plea to armed burglary which showed only that the defendant had committed the theft of a firearm while inside the house he was alleged to have burgled. Wilson v. State, 378 So.2d 1258 (Fla. 1st DCA 1979), quashed on other grounds, 395 So.2d 520 (Fla. 1981). Neither opinion stated whether the gun was loaded when it was stolen, but subsequent opinions *708 have held that the theft of a loaded gun while committing a burglary suffices to enhance the crime to armed burglary under section 810.02(2)(b). State v. Rodriguez, 402 So.2d 86 (Fla. 3d DCA 1981); State v. Dopson, 323 So.2d 644 (Fla. 4th DCA 1975). Other cases have held that even where a burglar steals an unloaded gun, he may be convicted of enhanced burglary if he later loads the gun or is shown to have the bullets in his possession. Mills v. State, 400 So.2d 516 (Fla. 5th DCA), review denied, 408 So.2d 1094 (Fla. 1981); Fowler v. State, 375 So.2d 879 (Fla. 2d DCA 1979).
If not the holding of these cases, the fair implication to be drawn therefrom is that a burglar who steals an unloaded gun cannot be convicted of armed burglary in the absence of evidence that he had access to the bullets. However, in the instant case, without mention of any other facts,[*] the district court held that the theft of an unloaded gun by a burglar constituted armed burglary. Thus, we have concluded that a conflict of decisions exists as contemplated by article V, section 3(b)(3), of the Florida Constitution.
In reaching its conclusion, the district court of appeal stated:
In essence, appellant contends that only a loaded gun constitutes a dangerous weapon for application of the statute. Given the ease with which a handful of bullets may be disposed of, such a rule would be anathema to law enforcement. In a slightly different context the supreme court has determined that whether a firearm is empty or loaded is not material to the issue of whether a person convicted of burglary had in possession a firearm for purposes of imposing a mandatory minimum sentence of three years' incarceration. Bentley v. State, 501 So.2d 600 (Fla. 1987). There is no logical distinction to be made between that application and its relevance here. Accordingly, we approve the conviction.
Hardee v. State, 516 So.2d 110, 111 (Fla. 4th DCA 1987). We agree.
We reject Hardee's contention that the statutory requirement that the burglar be "armed or arms himself" means that the gun must be ready to fire. A person having possession of a gun during a burglary is subject to a minimum mandatory sentence under section 775.087 regardless of whether the gun was loaded. Bentley v. State, 501 So.2d 600 (Fla. 1987). We do not believe that the legislature intended a different construction of section 810.02(2)(b) which enhances the crime of burglary when the defendant "is armed or arms himself" with a gun. There would be many circumstances in which the purpose of the statute would be thwarted if the state was required to prove that the gun was loaded when it was stolen or that the bullets were available to the burglar.
We approve the opinion of the district court of appeal. To the extent that they may be construed to be inconsistent with this opinion, we disapprove Sanders v. State and Wilson v. State.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[*] Actually, the record reflects that a plastic case containing bullets kept next to the gun was stolen at the same time and later recovered from Hardee's apartment. Thus, on these facts the cases could probably be harmonized. However, for purposes of determining conflict jurisdiction, this Court is limited to the facts which appear on the face of the opinion. White Constr. Co. v. Dupont, 455 So.2d 1026 (Fla. 1984).