GOSHORN, Judge,
concurring specially.
I write only to note that while in the context of Hardee v. State, 534 So.2d 706 (Fla.1988), the supreme court appears to equate the word “gun” with “firearm,” the legislature has determined that in order for the minimum mandatory provisions of section 775.087(2)(a), Florida Statutes (1989)[1] to apply, the gun must meet the statutory definition of a firearm as specified by section 790.001(6).[2] As the majority correctly *470 points out, a gun is not necessarily a firearm. There are many types of guns, e.g., water guns and grease guns; even the use of an antique firearm does not qualify a defendant for a minimum mandatory sentence unless it is used in a statutorily specified way. The determination of whether a gun is a firearm under this statutory definition must be made by the jury. State v. Overfelt, 457 So.2d 1385 (Fla.1984). In this case, the jury found the defendant guilty of attempted first degree murder with a gun. Such a finding is insufficient to support the imposition of the 3 year minimum mandatory sentence for the use of a firearm.

. Section 775.087(2)(a) provides that a person who is convicted of certain specified crimes and who "had in his possession a ‘firearm,’ as defined in s. 790.001(6), or 'destructive device,’ as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years.... ”

. Section 790.001(6) states:
"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term "firearm” does not include an antique firearm unless the antique firearm is used in the commission of a riot; the inciting or encouraging of a riot; or the commission of a murder, an armed robbery, an aggravated assault, an ag *470 gravated battery, a burglary, an aircraft piracy, a kidnapping, or a sexual battery.