DANAHY, Acting Chief Judge.
A.F. appeals an adjudication of delinquency founded upon charges of armed burglary and grand theft. The state’s case was proved through circumstantial evidence which we find was sufficient evidence from which the circuit court judge as fact-finder could exclude every reasonable hypothesis except that of guilt. State v. Law, 559 So.2d 187 (Fla.1989). Accordingly we affirm.
In the early morning hours of May 10, 1989, near the Winter Haven Police Station, Officers Mark Myers and Eve Laurel were standing in the parking lot when they heard an alarm go off which they believed came from one of the nearby businesses. A few moments later the officers saw a group of individuals running down the street in the direction of the police station and away from the business area where the alarm was sounding. Officer Myers testified that the group was comprised of at least three individuals and maybe four. He and Officer Laurel darted after them, losing sight of them momentarily as they rounded a nearby corner. When the officers rounded that corner, they saw a car *95 beginning to drive away. Because of the immediacy of the pursuit, the officers believed the individuals in the car to be the same ones they were chasing so they stopped it. A.F. was one of the four individuals in the car, which was a two-door model. During the wait for backup officers to arrive and assist in the investigation, the individual in the front passenger seat became fidgety and appeared to be reaching around behind his seat. Officer Myers asked the car’s occupants if they had any guns and, according to the officer, they all replied yes. The officers then removed the suspects from the car and searched it. They found a screwdriver on the floor of the rear passenger area on the driver’s side, where A.F. had been seated, and three new semiautomatic handguns with price tags still on them on the floor of the other rear passenger side. All four individuals were sweating and short of breath when they were taken from the car. A.F. complained to the officers that he might be having a diabetic reaction and needed some candy or something to counteract the problem he was experiencing.
On cross-examination Officer Myers testified that although it was nighttime when all this occurred, there was a street lamp right across the area from where the four individuals were running; yet he did not get a real good look at their faces. They were approaching him but were about 150 yards from him. The officer candidly testified that he could not swear that one of the individuals he actually saw running from the area where the alarm had sounded was A.F.
Officer Laurel's testimony substantially corroborated Officer Myers’. She estimated the distance between the officers and the suspects running towards them to be half a city block. She did not give a specific number of individuals who were seen running but did state that the car had been backed into the area where it was parked facing the roadway. After securing the individuals at the police station, Officer Laurel went to a nearby gun store which she discovered had been broken into by someone’s prying open the front door. She found smashed glass cases from which apparently some guns were missing. The owner of the gun store was already there, having been summoned by the alarm company. The owner also testified at trial, identifying the guns taken from the car as belonging to his shop.
A.F. moved for a judgment of acquittal at the close of the state’s case-in-chief thus admitting not only the facts stated in the evidence adduced by the state, but also all conclusions favorable to the state which could be fairly and reasonably inferred by the fact-finder from the evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). He again moved for a judgment of acquittal after presentation of the defense’s casein-chief where he took the stand in his own defense. His testimony conflicted in various ways with that of the officers’, primarily in the number of individuals who were running to the car. A.F. testified that he and another of the four individuals stayed at the car and the other two left and came back running. A.F. also testified that he was sweating and short of breath at the time of the incident because he was having a diabetic reaction. Both motions were denied.
A.F. argues that the evidence presented by the state did not exclude every reasonable hypothesis of innocence. We disagree. The judge, as fact-finder, could have easily accepted Officer Myers’ version that he saw four individuals running from the area of the burglarized gun store. The judge could also have believed that the appellant was one of these four because he was as short of breath and sweaty as the others when they were immediately apprehended after running from the area. As fact-finder, she did not have to accept as an explanation that it was A.F.’s alleged diabetic condition alone which caused this reaction. As the supreme court has recently clarified: “The state is not required to ‘rebut conclusively every possible variation’ of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events.” State v. Law, 559 So.2d at 189 *96 (citing State v. Allen, 335 So.2d 823, 826 (Fla.1976)).
A.F. further contends that there is no evidence that he was at or in the gun store at the time it was burglarized nor that he was the one who actually took a gun from the store, assuming for the sake of argument that he was there. His first contention we have answered above, and his second contention we believe is answered by the rule stated in Hardee v. State, 516 So.2d 110 (Fla. 4th DCA 1987), approved, 534 So.2d 706 (Fla.1988).
In Hardee, the defendant argued that he could not be convicted of burglary of a dwelling while armed because there was no direct evidence that he, rather than his codefendant, stole the handgun during the course of the burglary nor that he knew the codefendant had taken the gun and armed himself. The Fourth District applied the following rule: “[W]here several persons combine to commit an unlawful act, each is criminally responsible for the actions of his associates committed in furtherance or prosecution of a common design.” Hardee, 516 So.2d at 111 (citing Hampton v. State, 336 So.2d 378, 379-80 (Fla. 1st DCA), cert. denied, 339 So.2d 1169 (Fla.1976)).
The facts presented by the state in the instant case fit very clearly into this rule. We find no merit in A.F.’s contention that for the conclusion of guilt to be reached, the trial judge must have impermissibly piled inference upon inference. The judge may have merely inferred from this rather strong circumstantial evidence that A.F. participated in the burglary with the others. It is irrelevant whether A.F. actually carried the guns from the ‘store to the ear. Hardee.
Affirmed.
ALTENBERND, J., concurs.
CAMPBELL, J., dissents with opinion.