W. SHARP, Judge,
dissenting.
I respectfully dissent. I would deny Alexander’s motion for rehearing but write an opinion (rather than issuing a PCA) addressing the issue on appeal. This is a close case. Further, in my view, our decision conflicts in result with Fowler v. State, 375 So.2d 879 (Fla. 2d DCA 1979). Our failure to write an opinion forecloses review by the Florida Supreme Court as its jurisdiction is presently constructed.[1]
Alexander argues his third degree murder conviction was improperly enhanced because the underlying predicate felony (armed trespass) [2] involved the use of a firearm, and thus enhancement pursuant to section 775.087(1), Fla.Stat. (1992),[3] constitutes improper “double dipping.”[4] In this case, Alexander was “armed” with a pistol when he committed the trespass of a conveyance. This was sufficient to convert the trespass from a misdemeanor[5] to a third degree felony.[6]
In distinguishing between misdemeanor and felony trespass, the Legislature did not require “the use of a firearm.” Pursuant to *621 that statute, merely arming oneself is sufficient to enhance trespass from a misdemean- or to a felony. “Armed” is defined as “furnished or equipped with weapons of offense or defense.” Black’s Law Dictionary 99 (5th ed. 1979).
Enhancement under section 775.087(1) is permissible “whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm ...” (emphasis supplied). Under this section “use” of a firearm or the other acts specified involving firearms are required. But they are not the same thing as being “armed.” “Use” is defined as the act of employing or to put or bring into action or service. Black’s Law Dictionary 1382 (5th ed. 1979).
In this ease, Alexander armed himself with a pistol when he committed the trespass.[7] He did not have to use it to commit armed trespass. However, in addition, he used the weapon to shoot the victim as he tried to escape. That use triggered the enhancement statute and, in my view, constituted an additional, not duplicated element of this crime. See Lareau v. State, 573 So.2d 813 (Fla.1991).
However, I agree with Alexander that our PCA affirmance and denial of his motion for rehearing produces a conflict in result with Fowler. The crimes charged in these two cases are different. Foivler involved armed burglary; this case involves armed trespass. But, both have the same element of “being armed.”[8] Logically, the cases are indistinguishable.
In Foivler, the defendant was charged with burglary while armed. In the course of burglarizing a dwelling, Fowler found a pistol and a shotgun in the house and loaded them. Apparently he did not “use” them. The trial judge enhanced the crime from a first degree felony to a life felony using section 775.-087(1), Florida Statutes (1977), which was identical to section 775.087(1), Florida Statutes (1991), used in this ease. Judge Grimes, writing for the second district, held that being armed is the same thing as using a weapon. He said:
[t]hat section [775.087(1) ] however, does not apply to a “ ‘felony’ in which the use of a weapon is an essential element ...” Accordingly, since use of a firearm was an essential element of burglary ivhile armed under section 810.02(2)(b), the judge misconstrued the application of section 775.-087(l)(a) to appellant’s conviction for that crime, (emphasis supplied).
Fowler, 375 So.2d at 880.

. Perhaps the Article V Review Commission might consider expansion of the Florida Supreme Court’s conflict jurisdiction to encompass cases such as this where a dissenting appellate judge writes an opinion concluding that a conflict exists. This would broaden that court’s jurisdiction somewhat, but it would stop short of returning to potential review of all PCA cases.

. Section 810.08(2)(c), Florida Statutes (1991) provides that ”[i]f the offender is armed with a firearm or other dangerous weapon, or arms himself with such while in the structure or conveyance, the trespass in a structure or a conveyance is a felony of the third degree."

. § 775.087(1), Fla.Stat. (1991), provides:
775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence.—
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.

. Lamont v. State, 610 So.2d 435 (Fla.1992); Gonzalez v. State, 585 So.2d 932 (Fla.1991); Pinkerton v. State, 534 So.2d 425 (Fla. 5th DCA 1988).

. § 810.08(2)(a), Fla.Stat. (1991).

. § 810.08(2)(c), Fla.Stat. (1991).

. In the present case, Alexander was convicted of third degree felony murder. The jury was specifically instructed that in order to find Alexander guilty of murder in the third degree, only an armed trespass could constitute the predicate felony. The jury was instructed to find an armed trespass if, during the trespass, Alexander was armed or armed himself with a firearm or other dangerous weapon.

. Section 810.02(2)(b), Florida Statutes, provides that:
Burglary is a felony of the first degree, ... if, in the course of committing the offense, the offender:
(b) is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.
Section 810.08(2)(c), Florida Statutes (1991) provides:
If the offender is armed with a fireann for other dangerous weapon, or arms himself with such while in the structure or conveyance, the trespass in a structure or a conveyance is a felony of the third degree, (emphasis supplied)