983 So.2d 795 (2008)
Ricky BARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4531.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.

CORRECTED OPINION
FARMER, J.
We grant defendant's motion for clarification and substitute this corrected opinion for the original opinion.
In this conviction for armed burglary, we conclude that the evidence does not support a finding that defendant was *796 armed while committing the burglary and therefore reverse that conviction.[1]
Defendant admitted breaking into an automobile dealership for the purpose of taking something of value. Inside he found a safe. The safe being locked and heavy, he pushed it outside the premises into his vehicle and drove away from the scene. Later he was able to force open the safe with a crowbar. Inside he found some blank checks used in the business, some motor vehicle titles, and a loaded gun. He threw the titles into a dumpster, cashed a check, and sold the gun for crack cocaine. Through the cashed check he was identified and arrested. He was tried for armed burglary because he stole the safe in which the gun was stored.
Section 810.02(2)(b) defines burglary as a felony punishable by life "if, in the course of committing the offense, the offender . . . becomes armed within the . . . structure . . . with . . . a dangerous weapon." § 810.02(2)(b), Fla. Stat. (2007). In Hardee v. State, 534 So.2d 706 (Fla.1988), the court was called upon to determine whether this text required that the gun be loaded with bullets. The court explained:
"A person having possession of a gun during a burglary is subject to a minimum mandatory sentence under section 775.087 regardless of whether the gun was loaded. We do not believe that the legislature intended a different construction of section 810.02(2)(b) which enhances the crime of burglary when the defendant `is armed or arms himself' with a gun." [e.s., c.o.]
534 So.2d at 708. As the Florida Supreme Court noted in Hardee, section 775.087(4) defines possession of a firearm by a convicted felon as follows: "Possession may also be proven by demonstrating that the defendant had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense." § 775.087(4), Fla. Stat. (2007). Hardee holds that the legislature intended the same construction for the armed burglary statute and the felony possession of a firearm statute. Giving the two provisions this common meaning of "possession" we conclude that it is necessary for the State to offer evidence "demonstrating that the defendant had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense."
It is now established in Florida law that felony crimes of possession of forbidden substances or things require proof of guilty knowledge. See Washington v. State, 813 So.2d 59 (Fla.2002) (knowledge of the illicit nature of a substance is an element of the crime of possession even though this element is not explicitly stated in the standard jury instructions); Scott v. State, 808 So.2d 166 (Fla.2002) (State has the burden in prosecution for possession of controlled substance of proving the defendant's possession was knowing); Chicone v. State, 684 So.2d 736 (Fla.1996) (holding that existence of mens rea is the rule rather than an exception to the principles of Florida criminal jurisprudence; guilty knowledge is implicit in the concept of possession as provided in statutes prohibiting possession of controlled substance); Reynolds v. State, 92 Fla. 1038, 111 So. 285 (1926) (holding that crime of possession of liquor required "conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession"). The offense of arming oneself during a burglary means that the offender equipped himself with a firearm. To equip oneself with something is to possess it. Nothing in section 810.02(2)(b) suggests *797 that the legislature meant to dispense with the presumptive element of knowledge.
No evidence indicates that defendant became aware of the presence of the gun on the premises where the burglary was committed. No evidence demonstrates that defendant knew he "had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense." In fact, the only evidence about the gun is from defendant's recorded confession. In that evidence, he said he pushed the safe into his vehicle and drove it away, at which point the burglary was complete. The State offered no evidence that the safe was opened at the scene of the burglary.
Because the evidence does not demonstrate that defendant became armed during the burglary, it follows that his motion for judgment of acquittal on the armed burglary charge should have been granted. On remand, the trial court shall reduce the conviction for armed burglary to burglary of a structure.
Reversed.
WARNER, J., and CONNER, BURTON C., Associate Judge, concur.
NOTES
[1] We affirm the other convictions without further discussion.